FRANK W. ROGERS *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF ORANGE

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 2, 1966—decided February 10, 1967

*Charles G. Albom,* for the appellant (plaintiff).

*Richard H. Bowerman,* with whom was *Richard K. Snyder,* for the appellee (defendant).

RYAN, J. The plaintiff is the owner of a piece of land in the approximate shape of a right-angle triangle, which is 105 feet in width at its base. One side of the triangle is 1030 feet, and the hypotenuse is 1032 feet long. The 105-foot base is the widest part of the lot. The property has been in the plaintiff's family for many years. The plaintiff acquired it from his parents, who, in turn, acquired it from his maternal grandfather. The area of the land is sufficient to meet the minimum zoning requirements for the construction of a residence, but, because of the peculiar shape of the lot, if a residence were constructed, it would not be possible to meet the minimum zoning requirements as to sideyard, rear yard and front setback. In the district in which the land is located, the Orange zoning ordinance, in § 4.11, permits "[f]ree-standing one-family dwellings, farms and one-family farm dwellings, gardens, greenhouses that are part of farms, public utilities, municipal buildings, schools, churches, libraries and other civic or governmental buildings, and buildings customarily accessory to any of the foregoing . . . ." Section 7.2 of the regulations provides: "In Residence Districts no . . . structure shall be erected . . . fifty . . . feet from front line or rear line of any lot . . . or nearer than twenty-five . . . feet from either sideline of any lot." The plaintiff applied to the defendant board for a fifteen-foot variance on the north side, a twenty-five-foot variance on the front, and a twenty-foot variance on the rear of the lot.

The authority of the board to grant variances is covered by §§ 9.23 and 9.24 of the ordinance.[1]

At the public hearing, the plaintiff offered evidence that he wished to construct a one-family dwelling on the property and that this could not be done unless the variances requested were granted. The shape of the lot resulted from the taking, before World War II, of adjoining land of the plaintiff's predecessor in title for the construction of the Wilbur Cross Parkway.

Subsequent to the hearing, several members of the board visited the property. The board voted unanimously to deny the petition because "the granting of this variance would not substantially serve the public convenience and welfare, would not be in accordance with the lawful intents and purposes of the Town of Orange Zoning Ordinance and [the board] further felt that this piece of property is not a suitable building lot." The plaintiff appealed from the board's decision to the Court of Common Pleas, which rendered judgment dismiss-

---

[1] "[Orange Zoning Regs. (1959)] Sec. 9.23. . . . In hearing and deciding on such appeals or matters the Board shall adhere to the lawful intents and purposes of the Town of Orange Zoning Ordinance; any variations therefrom shall be subject to appropriate conditions and safeguards and shall be allowed only when such variation will substantially serve public convenience and welfare and will not substantially and adversely affect the lawful use and enjoyment of properties adjoining any property under appeal and will not involve dangers to health or safety.

"Sec. 9.24. In addition, on appeal the Board may authorize moderate variations from the requirements of the Orange Zoning Ordinance as to yard space, lot width or percentage of lot that may be covered by buildings in specific cases where by reason of exceptional shape, size or topography of the lot or other exceptional situation or condition pertaining to the building or land under petition, but not to other land or buildings adjoining or nearby within the same zoning district, unusual difficulty or special hardship to the owners or occupants of the property under appeal would result from literal enforcement of said zoning requirements. . . ."

ing the appeal and sustaining the board's decision. From that judgment, the plaintiff has appealed on the ground that the board acted illegally, arbitrarily and in abuse of its discretion in that there is no practical use of this land whatsoever unless the variance requested is granted. "The power to grant a variance in the application of established zoning regulations should be exercised charily. *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 120, 90 A.2d 647. The obvious reason is that unless great caution is used and variances are granted only in proper cases, the whole fabric of town- and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting the property values and securing the orderly development of the community is completely thwarted. *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 309, 71 A.2d 91; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540, 45 A.2d 828; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A.2d 137." *Heady* v. *Board of Zoning Appeals,* 139 Conn. 463, 467, 94 A.2d 789. The reasons given by the board indicate that the requirements of the ordinance were fully considered. In finding that the property was not a suitable building lot, the board was entitled to consider whether or not its use would involve dangers to health or safety. The obvious purpose of yard requirements and setback lines is to prevent fire hazards, provide for proper drainage and make suitable provision for light and air. The plaintiff sought to vary the front yard setback from fifty feet to twenty-five feet, the rear yard from fifty feet to thirty feet, and the sideyard from twenty-five to ten feet. This would be a rather substantial variance. The peculiar shape of the lot and the problems connected therewith were not created by the zoning ordinance but

by the condemnation of the abutting land owned by the plaintiff's grandfather. "A variance should not be granted unless it is in harmony with the general purpose and intent of the zoning regulations." *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 313, 197 A.2d 770. Subject to certain underlying principles, the solution of zoning questions is to be left to the local authority, and the courts cannot substitute their judgment for the liberal discretion enjoyed by zoning authorities. *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758.

The plaintiff assigns error in the finding by the court without evidence of two paragraphs of the substituted limited finding to the effect that the economic loss occasioned to the plaintiff and his predecessors in title occurred at the time of the taking of the adjoining land of the grandfather, Frank C. Woodruff, for the purpose of constructing the Wilbur Cross Parkway, and that the plaintiff and his predecessors in title were compensated by the state of Connecticut for this economic loss, of which the plaintiff complains, at the time of the taking. The trial court heard evidence only on the question of aggrievement, which was denied by the defendant. It should be noted parenthetically that we find it difficult to understand on what theory the owner of the land which is the subject of the board's ruling would not be an aggrieved person. There was evidence before the board that the present triangular shape of this parcel of land resulted from the condemnation by the state for the Wilbur Cross Parkway, and it is conceded in the plaintiff's brief that the land was owned by the plaintiff's grandfather and that the taking took place before World War II. There was, however, no evidence before the board

that the plaintiff and his predecessor in title were compensated by the state of Connecticut for the economic loss complained of, and the court should not have considered this in its decision. See *Farnsworth* v. *Windsor,* 150 Conn. 484, 487, 190 A.2d 915. In situations in which the board states the reasons for its action, the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the evidence in the record as properly presented in the appendices to the briefs in accordance with Practice Book §§ 716 and 719 and whether they are pertinent to the considerations which the board is required to apply under the zoning regulations. *Zieky* v. *Town Plan & Zoning Commission,* supra; *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886.

The plaintiff urges that the board, in denying his request for a variance, rendered his property useless for any purpose and has thus produced an unconstitutional result. An examination of the appendix reveals that there was no such evidence offered before the board. The testimony before the trial court was limited to the question of aggrievement. The plaintiff's claim, therefore, cannot be sustained.

The conclusion of the trial court that the plaintiff failed to show that the board's action was arbitrary, unreasonable, or in abuse of its discretion cannot be disturbed.

In view of our conclusion a discussion of the defendant's bill of exceptions is not required.

There is no error.

In this opinion the other judges concurred.