## Abele E. Grillo *v.* Zoning Board of Appeals of the City of West Haven et al.

### (3333)

Dupont, C.P.J., Borden and Spallone, Js.

Argued April 11—decision released June 4, 1985

*Leon O. Gross,* for the appellant (plaintiff).

*Ann P. Coonley,* assistant corporation counsel, for the appellee (named defendant).

Dupont, C.P.J. This appeal arises from the trial court's judgment dismissing the plaintiff's appeal from the granting of a variance to Jessica DeFrank[1] by the zoning board of appeals.

---

[1] Jessica DeFrank was a party to the appeal to the Superior Court, but she did not appear and defend the appeal to this court.

DeFrank applied for a variance from the zoning regulations of West Haven, which required a minimum lot frontage of fifty feet and a minimum area of 6000 square feet. The subject property had forty feet of frontage and an area of 5200 square feet. A hearing on the application was conducted on April 20, 1983, and continued to a later date. Two members of the zoning board were not present at the first hearing, although they were present on the date to which the hearing was continued and voted in favor of the application for a variance, as did the other members of the zoning board who were present at the first hearing. The application for a variance was granted.

The plaintiff, an abutting landowner, appealed the zoning board's decision to the trial court, pursuant to General Statutes § 8-8, claiming that the vote of the zoning board was invalid because two members who voted were not present at the first hearing and that there was no evidence presented to the zoning board from which it could find the necessary prerequisite of unusual hardship or exceptional difficulty resulting from the enforcement of the zoning regulations. The trial court dismissed the appeal. Upon our grant of certification, the plaintiff appealed to this court.

The plaintiff argues that the zoning board's action was illegal because two of its members voted in favor of the application despite their absence at the earlier public hearing. For a variance to issue, General Statutes § 8-7 requires at least four members of the zoning board of appeals to concur in the granting of the application for a variance. On the date to which the hearing was continued, five members of the zoning board of appeals were present and, after the conclusion of the hearing, they voted unanimously to grant the application. The plaintiff asserts that two members of the zoning board of appeals were ineligible to vote

and therefore the application for the variance lacked the necessary number of concurring votes.

In *Watson* v. *Howard,* 138 Conn. 464, 86 A.2d 67 (1952), on which the plaintiff relies, one zoning board member did not attend the public hearing, but nonetheless cast the decisive vote on the application. His vote was found to be unlawful because he did not consider and appraise all the evidence presented at the public hearing. Id., 466–67. That case is distinguishable on its facts from the present zoning appeal since there it was an undisputed fact that the zoning board member failed to examine the letters and petitions presented at the prior public hearing. Here, the record is silent as to whether the two zoning board members acquainted themselves sufficiently with the issues raised, the evidence adduced and the arguments pressed at the first public hearing in order to exercise an informed judgment at the second public hearing.

The burden of proving that the two board members did not sufficiently acquaint themselves with the prior proceeding and, therefore, were disqualified from voting lies with the plaintiff. *Dana-Robin Corporation* v. *Common Council,* 166 Conn. 207, 216–17, 348 A.2d 560 (1974); *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 724, 345 A.2d 563 (1974); *Loh* v. *Town Plan & Zoning Commission,* 161 Conn. 32, 40–43, 282 A.2d 894 (1971). The record before this court does not reveal that the plaintiff introduced any evidence at all disclosing that the two zoning board members failed to acquaint themselves with the prior proceeding. The trial court, therefore, did not err in failing to find the vote of the zoning board illegal.

The plaintiff's other argument is that the applicant for the variance failed to allege, much less prove, that the enforcement of the zoning regulations, concerning the minimum frontage and the minimum area required

for a building lot, as to this property would result in an exceptional difficulty or an unusual hardship. "A local zoning board has the power to grant a variance under General Statutes § 8-6 (3) where two basic conditions are satisfied: '(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.' *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 326, 387 A.2d 542 (1978)." *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 655, 427 A.2d 1346 (1980). (Footnote omitted.) The standard set forth in General Statutes § 8-6 (3) has been substantially incorporated into § 73-3.2 of the city of West Haven's zoning regulations.

The defendant zoning board's action must be reasonably supported by the evidence in the record. *Smith* v. *Zoning Board of Appeals,* supra, 325. The defendant zoning board asserts that the record reveals that the subject property was valueless if it could not be used as a building lot. The trial court found that the record before the board supported the conclusion that the subject property was valueless absent the granting of the variance. The zoning board is legally correct in stating that exceptional difficulty or undue hardship is established "where a board could reasonably find that the application of the regulation to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulation, as applied, bears so little relationship to the purposes of zoning that, as to particular premises, the regulation has a confiscatory or arbitrary effect." *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 431, 242 A.2d 713 (1968). The record is devoid of any evidence to establish that the subject property has little or no value because of the zoning regulations con-

cerning minimum lot sizes. The two applications for variances submitted by DeFrank claim as a specific hardship the fact that all other lots on the street are undersized lots. The minutes of the public hearing indicate that no evidence concerning financial hardship was presented. In fact, no one spoke in favor of the variance. The trial court, therefore, erred in concluding that the second prong of the test for a granting of a variance, that enforcement of the zoning requirements concerning minimum frontage and the minimum area of a building lot to this property would result in an unusual hardship or an exceptional difficulty, had been met. See id.; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 215 A.2d 104 (1965).

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.