[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on remand from the Supreme Court for supplementation of the record and further proceedings. See Pet v. Department of HealthServices et al, 228 Conn. 651 (1994). The Supreme Court held that this court had abused its discretion in not permitting the plaintiff to present evidence to the court concerning alleged irregularities in the proceedings conducted by the medical examining board, which was the administrative agency that rendered the final decision in the case.
The Supreme Court identified two general allegations of procedural irregularities raised by the plaintiff and requiring factual inquiry by this court. Both of these allegations implicate the provisions of General Statutes (Rev. to 1985) § 4-179. That statute provides in relevant part that, "[w]hen in a contested case a majority of the CT Page 8744 officials of the agency who are to render the final decision have not heard the case or read the record, the decision . . . shall not be made until a proposal for decision is served upon the parties. . . . The proposal for decision shall contain a statement of the reasons therefor and of each issue of fact or law necessary to the proposed decision, prepared by the person who conducted the hearing or one who has read the record." The statute also permits any party adversely affected by the proposed decision to present briefs and oral arguments to the members of the agency before they render the final decision.
In the context of the present case, § 4-179 requires that each member of the panel that made the proposed decision must have at least read the entire record before doing so. Pet, 228 Conn. at 672. The statute further requires that each member of the board who participated in the final decision must first have "acquaint(ed) himself sufficiently with the issues raised and the evidence and arguments presented at the public hearing in order to exercise an informed judgment." Id., 673, quoting New Haven v. Public Utilities Commission,165 Conn. 687, 724 (1974).
The two broad issues raised by the plaintiff, which the Supreme Court has required this court to resolve, concern: (1) the rendering of the proposed decision by the panel of board members who conducted the hearing; and (2) the board members' ability to exercise an informed judgment in rendering the final decision. With respect to the first issue, the Supreme Court observed that the minutes of the board's meeting on March 19, 1991, state that one of the three panel members had read the record in its entirety as of that date, but the record is insufficient to determine whether the other three panel members had also read the record "as required by § 4-179."Pet, 228 Conn. at 681-682. Implicit in that requirement is the assumption that all four panel members voted on the proposed decision. Id., 672.
Regarding the second issue, the Supreme Court noted the plaintiff's assertion that a board member had remarked during a meeting that he had not read the plaintiff's brief in opposition to the proposed decision CT Page 8745 and that other members were not familiar with the evidence. Id., 682. The Supreme Court also noted the plaintiff's assertion that part of the record was lost and that the record does not indicate whether that circumstance, if true, "impacted on the board's ability to be fully informed of the issues before it . . ." Id. 682.
Upon remand, this court conducted an evidentiary hearing on the issues identified above. At that hearing, the following witnesses testified:
a) the plaintiff;
 b) Marilyn Pet, the plaintiff's wife, who was present during most of the panel hearing sessions and board meetings;
 c) Joan Helene Blakeslee, a member of the hearing panel;
 d) Harvey Mandell, a member of the hearing panel;
 e) Shirley Williams, a member of the hearing panel and of the board, who voted on the final decision;
 f) Celia Bumstead Carroll, an employee of the defendant department of health services, assigned as liaison and assistant to the defendant medical examining board;
 g) Richard Ratzan, a member of the board who voted on the final decision, but not a member of the hearing panel;
 h) Binalin Lahiri, a member of the board who voted on the final decision, but not a member of the hearing panel;
 i) Christie McLeod, a member of the board who voted on the final decision, but not a member of the hearing panel;
j) Robert Lindauer, a member of the board who CT Page 8746 voted on the final decision, but not a member of the hearing panel;
 k) Mervin Rosenberg, a member of the board who voted on the final decision, but not a member of the hearing panel;
 l) Russell F. Leavitt, Jr., a member of the board who voted on the final decision, but not a member of the hearing panel;
 m) Judith Lederer, a staff attorney for the defendant department of health services.
Richard Harris, a member of the hearing panel, resigned in February 1990 and died prior to the proceedings in this court.
In addition to the testimony of the witnesses named above, the court received documentary evidence from the parties as well as audio tapes of meetings of the board.
In making its findings of facts and conclusions of law in this phase of this case, this court is required to observe three fundamental principles of administrative law. First, the plaintiff has the burden of proving by a preponderance of the evidence that some procedural irregularity occurred. Grillo v. Zoning Board of Appeals,4 Conn. App. 205, 207 (1985). Second, the court may reverse or modify the board's final decision only if the court finds that "substantial rights" of the plaintiff were prejudiced by such procedural irregularity. General Statutes (Rev. to 1985) § 4-183(g). Third, in weighing the evidence concerning the actions of individual panel and board members, the court must note the presumption that each of these officials is presumed to have done his or her duty until the contrary appears. Leib v. Board ofExaminers for Nursing, 177 Conn. 78, 84 (1979). In the context of this case, that rule means that the court must presume that each panel member read the entire record before participating in the proposed decision and that each board member sufficiently acquainted himself or herself with the issues, evidence and arguments in order to exercise an informed judgment. The plaintiff has the burden of presenting sufficient evidence to overcome that CT Page 8747 presumption.
Based on the evidence and principles of law summarized above, the court makes the following findings of fact and conclusions of law with respect to the issues assigned to it by the Supreme Court.
I. Lost Records
The plaintiff has not sustained his burden of proving that significant parts of the record were lost or unavailable to panel members and/or board members prior to the rendering of their decisions in the case.
At the hearing before this court, the plaintiff essentially confined his allegations on this subject to three items. These were (1) a collection of letters from patients and former patients of the plaintiff, which were extremely supportive of him personally and professionally; (2) a collection of letters from professional colleagues of the plaintiff, which were extremely supportive of him personally and of his professional competence; (3) the plaintiff's 123 page "Summary Statement and Defense," which he had submitted to the hearing panel after the hearing and before the issuance of the proposed decision.
There was some evidence that these items were lost or removed from the record at some point during the various proceedings in this case. Subsequent to the board's final decision and in connection with the plaintiff's initial appeal to this court, the board compiled and submitted to the court its "Submission of the Record." This consisted of transcripts of the hearing sessions and a list of documents that had been introduced in evidence at the hearing sessions. Each document bore a numerical or letter identification, which was indicated in the list submitted by the board. Generally, documents introduced in evidence by the plaintiff bore letter identifications. Items DDDDD and EEEEE were, respectively, the patient and colleague letters described above. In the board's list, they are noted as "Exhibit Missing." With respect to the plaintiff's 123 page brief to the hearing panel, there is simply no reference to it in the list. The board's list of record items, its CT Page 8748 "Submission of the Record" to the court, therefore, at least on its face, indicates that these important items were lost at some point.
Celia Carroll testified that it was she who compiled the list of record items described above. She performed this task in her capacity as liaison and staff support to the board. She stated that she was "absolutely completely sure" that all of the panel members had copies of the complete record in the case, including particularly the three items in question. She stated that she specifically remembered these items. She recalled reading them and putting them in the file folder where the official record was kept. She stated that she did this before the board voted on its final decision. She testified that each panel member would receive an individual copy of each exhibit either at the time of submission or, if the panelist was not present, she would mail the copy to the panelist. Carroll stated that she did not include the plaintiff's 123 page brief in the list she compiled for the court because she did not consider it part of the evidentiary record; nevertheless, she stated, the brief was physically part of the record at all times prior to the proposed decision and the final decision. She stated her opinion that the letters in question became missing sometime after the board's decision and the plaintiff's appeal and during the time she was preparing the record for submission to the court.
Carroll's testimony concerning the documents in, question was essentially confirmed by the testimony of various panel and board members. Panel member Mandell testified that he received and read the plaintiff's 123 page brief prior to the proposed decision. Panel member Williams testified that she read collections of letters supporting the plaintiff prior to the proposed decision. Board chairman Ratzan testified that he read the plaintiff's 123 page brief. Board member Lindauer testified that he read the brief. Board member Leavitt testified that he read both collections of letters and the plaintiff's 123 page brief.
Based on the testimony of Carroll and the panel and board members summarized above, the court concludes that the plaintiff has not sustained his burden of proving CT Page 8749 that the records in question were lost or missing under circumstances that would have any negative impact on the ability of the panel or the board members to be fully informed of the issues before them. To the contrary, the evidence supports a finding that the records in question were available at all times prior to the rendering of the proposed and final decisions.
II. Panelists' Familiarity with the Record
The plaintiff has not sustained his burden of proving that all of the members of the hearing panel did not read the entire record before rendering their proposed decision.
Witnesses Carroll, Blakeslee, Mandell and Williams testified that panel members received copies of all exhibits at the time they were submitted in evidence or, if the panel member was not present at that session, Carroll mailed the copy to the panelist later. The panelists were also furnished copies of the transcript of the hearing sessions.
Blakeslee, Mandell and Williams, who had been members of the hearing panel, testified that they read everything they received. The other panelist, Richard Harris, is deceased. Mandell testified, however, that Harris was extremely conscientious and that it was his habit to read everything before making any judgment. There was no evidence that Harris or any panel member failed to read the entire record before rendering the proposed decision. They are, therefore, presumed to have done so. Leib, supra, 177 Conn. 84.
III. Board Members' Familiarity with the Record
As indicated above, the complete record of the administrative hearing was always available to the board members prior to their vote on the final decision. In particular, the items specified by the plaintiff as lost were actually not missing until after that vote. In addition, it is clear that the plaintiff's lengthy response to the proposed decision was in the record file and available to the board members. Board members Lahiri, McLeod and Rosenberg testified that they read it. CT Page 8750
The court heard testimony and listened to the plaintiff's tape recordings concerning his allegations that board members expressed a lack of familiarity with the record. There were such remarks, but the evidence establishes that they were made at the meeting of the board on March 19, 1991. Chairman Ratzan thereupon continued the case so as to allow the members more time to familiarize themselves with the record before voting. The next meeting was a month later, on April 16, 1991. The tapes make clear that, at that meeting, the board members had had ample opportunity to review the record.
Based on the evidence summarized above, the court finds that the plaintiff has not sustained his burden of proving that the members of the defendant board were not sufficiently acquainted with the issues to exercise an informed judgment.
IV. The Proposed Decision
After twenty sessions, the administrative hearing in this case concluded on August 29, 1989. A year and a half later, on February 26, 1991, Celia Carroll, the department of health services employee who served as staff assistant to the board, sent to the department and to the plaintiff a document entitled "Proposal for Decision". This document is not signed, nor does it otherwise indicate authorship. Carroll testified at the hearing before this court, however, that it was drafted by law clerks employed by the defendant department and that copies were sent to all board members.
Evidence presented in this court established that, at the time the proposed decision was issued in February 1991, panel members Blakeslee and Harris had already resigned from the board and never saw the finished product. Furthermore, panel chairman Mandell filed his letter of resignation a week before the proposed decision was issued and, based on his testimony, it is likely that he never saw it either.
General Statutes (Rev. to 1985) § 4-179 provides in relevant part "(t)he proposal for decision shall contain a statement of the reasons therefor and of each issue of CT Page 8751 fact or law necessary to the proposed decision, prepared by the person who conducted the hearing or one who has read the record." The fact that at least two and probably three of the four panel members in this case never saw the proposed decision initially caused the court to question its compliance with the statute. The court notes that these were the only members of the board who conducted the hearing and read the entire record and were nominally responsible for issuing the proposed decision. Further consideration of all of the evidence, however, leads the court to conclude that there was sufficient compliance with § 4-179 to preserve the validity of the decision.
Testimony at the hearing before this court indicated that the hearing panel, consisting of board members Blakeslee, Mandell, Harris and Williams, met and voted on all of the charges against the plaintiff. According to the minutes of the March 19, 1991 board meeting, Mandell, Harris and Williams actively participated in drafting the proposed decision. Furthermore, these minutes indicate that panelist Williams, who was still a member of the board at the time of that meeting, vouched for the authenticity of the proposed decision as "reflect(ing) the unanimous feeling of the Panel."
Based on the evidence summarized above, the court finds that the circumstances surrounding the issuance of the proposed decision in this case did not prejudice any substantial rights of the plaintiff. In this regard, the court notes that the plaintiff was given ample opportunity to respond to the proposed decision, both orally and in writing, before the board voted on it.
Conclusion
Based on the evidence adduced at the hearing before this court and in accordance with the principles of law summarized herein, the court concludes that substantial rights of the plaintiff were not prejudiced by a failure of the defendant board to comply with the requirements of § 4-179. In thus phrasing its conclusion, the court is conscious that it is "damning with faint praise" the procedures followed by the board. Nothing would be gained at this juncture, however, in further discussing the CT Page 8752 procedural shortcomings that plagued the case from the beginning. Our Supreme Court has held that the plaintiff's rights were adequately protected, and this court is foreclosed from pursuing the issues further.
The plaintiff's appeal is dismissed.
MALONEY, J.