[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
John C. Mandanici, Jr. of Shelton, Connecticut is and has at all relevant times been the owner of the property at 895 CT Page 10871 Bridgeport Avenue, Shelton, Connecticut, which is the property which is the subject of this appeal and which is hereafter referred to as the property.
In an Application, #692-3, dated May 29, 1992, the plaintiff John C. Mandanici, Jr. sought from the defendant, City of Shelton Board of Zoning Appeals, a certificate of approval for said property for a service station with 4 dispensers and convenience store. The proposed construction was a zoning non conformance as to use, lot area and lot frontage. The property is 37,000 square feet and 80,000 square feet would be conforming. The frontage is 150 feet and 175 feet is conforming. The property is in a IA2 zone which does not normally allow such a service station.
The defendant, City of Shelton Board of Zoning Appeals, in a decision published on June 24, 1992, denied said request because there was "no hardship within the purpose and intent of the Zoning Regulations".
The plaintiff claims the defendant City of Shelton Board of Zoning Appeals in denying said application was illegal, arbitrary, capricious and in abuse of its discretion. The plaintiff as owner is the aggrieved party.
There is a claim of a hardship by the plaintiff indicating the property results in a confiscation because of the denial.
The court made an inspection of the premises and finds that the defendant's claim of a residential area is without foundation.
Surrounding the property are the following commercial enterprises: T.J. Maxx, a discount clothing store, Duchess Diner, Edward's food store, an office complex, Bradlees, a deli, a liquor store and many assorted other small businesses. The court could not find any large use of residential property. Grillo v.Zoning Board of Appeals, 4 Conn. App. 205, 208 (1985). However, the court remands the action back to the zoning board of appeals with the ruling that the type of business denied to the plaintiff is an arbitrary and discriminatory ruling. However, the court would not address the issue as to lot size as this should be presented to the zoning board of appeals to determine if enough land use is available for the change of zone.
Philip E. Mancini, Jr. State Trial Referee CT Page 10872