[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal by plaintiffs Milton Kalnitsky and Libby Kalnitsky from the action of defendant Zoning Board of Appeals of the Town of Montville in denying the plaintiffs' application for two variances. For reasons hereinafter stated the decision of the Board is affirmed.
Plaintiffs have appealed under the provision of General Statutes § 8-8 (b) which provides that "any person aggrieved by any decision of a board may take an appeal to the Superior Court . . .." To establish the aggrievement required by statute, so as to be entitled to appeal a zoning board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Jolly, Inc. v. Zoning Board of appeals,237 Conn. 184 (1996). Here, the plaintiffs have properly alleged aggrievement. The evidence has established that plaintiffs are the owners of the property which was the subject of the variance request, were the parties who applied for the variance and they continue to hold title to the property. It must then be concluded that plaintiffs are aggrieved and have standing to prosecute this appeal. General Statutes § 8-8 (a)(1), Rogers v. Zoning Boardof Appeals, 154 Conn. 484, 488 (1967).[1]
No questions have been raised as to any jurisdictional issues. All notices appear to have been published and no jurisdictional defects have been noted.
The record indicates that plaintiffs are the owners of the land in question on the northerly side of Route 82 in the Town of Montville. The premises contains over 242,000 square feet in area and are in an R-80 Residential Zone. Situated on the property is a dwelling house, an outdoor pool and a restaurant building. The restaurant is a valid preexisting nonconforming use.
Plaintiffs desire to subdivide their property into three parcels. One parcel would contain the residence and pool. Another parcel would contain the restaurant and the third parcel would be a residential building lot.
Because of the location of the pool and the desire to include it in the same parcel as the residence the proposed subdivision would not be in total compliance with the zoning regulations.
On May 22, 1997, plaintiffs applied to the Board for a CT Page 8833 variance from the applications of § 7.6.1 and § 7.6.2 of the Zoning Regulations. Plaintiffs requested the Board to "Reduce Sideline Lot 2 to 8' and Front to match Bldg." The nature of the unusual hardship or the exceptional difficulty was stated to be "Existing building and pool."[2]
Section 7.6.1 of the Regulations established a minimum front yard set back of 50 feet and § 7.6.2 establishes a minimum side yard of 20 feet.
The existing restaurant building is within 30 feet of the highway and a variance from the 50 feet required by § 7.6.1 was requested. Since plaintiffs desired that the pool be included in the house lot, they deemed it necessary to set a side line of the restaurant lot within 8 feet of the restaurant building. This resulted in the request for the sideline variance from the 20 feet required by § 7.6.2.
A public hearing was held on the variance application on July 9, 1997. At the hearing, Mr. Sanders Montville's assistant planner, spoke against granting the variances and filed a staff report. In his remarks, and in the staff report, the assistant planner stressed the self-created nature of the hardship and continuation of the non-conforming commercial use.
Plaintiff, Mr. Kalnitsky, and his engineer also spoke. They gave reasons as to why the variances were desired but said very little about hardship.
At a meeting of the Board held September 3, 1997, It was voted to deny the variance application. The reasons stated were:
1. Application is not in compliance with the Plan of Development or the Zoning Regulations. Both of which call for residential uses.
2. The hardship was self-created.
3. The denial will not cause any undue hardship as the applicant still has use of the property.
In deciding appeals such as we have here, the court operates under certain restrictions. The court is not at liberty to substitute its judgment for that of the administrative tribunal.Hall v. Planning Zoning Board, 153 Conn. 574, 577 (1966). The CT Page 8834 court may only determine whether the Board acted arbitrarily or in abuse of its discretion. Raybestos-Manhattan, Inc. v, Planning Zoning Board, 186 Conn. 466, 470 (1982). The decision of defendant Board may be reserved only if it is found that the Board's action was illegal, arbitrary or in abuse of discretion.Cameo Park Home, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
Where, as here, the Board has stated the reasons for its actions on the record the court is limited to determining whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Board is required to apply under the zoning regulations. ProtectHamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, 220 Conn. 527, 544 (1991). The action of the Board must be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. ZoningCommission, 173 Conn. 23, 26 (1977).
The plaintiff has the burden of proving that defendant Board acted improperly. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
Plaintiffs have appealed the action of the Board in denying their application for variances. The reasons for the variances presented to the Board at the public hearing were simply that it
would be advantageous to plaintiffs if they were granted. With the variances they could subdivide their property in a more convenient and profitable manner.
A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For these reasons, the granting of a variance is generally reserved for unusual or exceptional circumstances.Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206 (1995).
Defendant Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3). This statute authorizes the Board:
 [T]o determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to CT Page 8835 a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
Variances are, in a sense, the "antitheses of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin, 234 Conn. 498, 50l-506 (1995).
The two basic conditions which must be met for the granting of a variance are 1(1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulations has on other properties in the zone. Dolan v. Zoning, Board of Appeals,156 Conn. 426, 430 (1968).
Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance.Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39 (1982). The Board is under no duty to extricate an applicant from a self-created hardship. Pollard v. Zoning Board of Appeals, supra,44. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965). CT Page 8836
Plaintiffs point out that a variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property. Stillman v. Zoning Board of Appeals, 25 Conn. App. 631,636 (1991). In the Stillman case, the Zoning Board of Appeals found that the requisite hardship existed because of the location of a well and septic system constructed prior to zoning and the configuration of the lot. The trial court, relying on a more restrictive standard, found in Grillo v. Zoning Board of Appeals,4 Conn. App. 205, 208 (1985) sustained the appeal. The Appellate Court determined that the Grillo standard was inappropriate and relying also on other grounds reversed the trial court's decision and reinstated the decision of the Board of Appeals. Stillman v.Zoning Board of Appeals, supra, 637.
The case at bar, however, differs from Stillman. Here no direct evidence of hardship was presented to the Board at the public hearing and no argument was made to the Board that it existed. There is nothing to indicate that the Board abused its discretion in concluding that hardship did not exist.
The structure on the property do not prevent plaintiffs from subdividing their property. Plaintiffs are able to make reasonable use of their property as it exists. They are not required to remove the structures and they may subdivide their property into conforming lots. Their problems arise when they seek to subdivide the property in a manner which will violate the Zoning Regulations. hardship was presented to the Board at the public hearing and no argument was made
The Board concluded that the granting of variances would not be in compliance with the "Plan of Development."[3]
The comprehensive plan is found in the scheme of the Zoning Regulations themselves and the zoning map established pursuant to those regulations. Burnham v. Planning and Zoning Commission189 Conn. 261, 267 (1983). Plaintiffs' property is in a residential district. They have an existing non-conforming restaurant on the property. Under the law they may continue this use. The variance would, however, allow them to place the commercial use with a greatly reduced side yard between two conforming residential uses.
It cannot be found that the Board abused its discretion in concluding that this would be in violation of the comprehensive CT Page 8837 plan.
After a review of the record, it is found that the reasons stated by the Board are reasonably supported by the record, Plaintiffs have failed to establish that in denying the request for a variance, defendant Board acted unfairly or far invalid reasons or with
It cannot be found that the Board acted arbitrarily, illegally or in abuse of its authority in taking the action appealed from. Accordingly, the decision denying the variance is affirmed.
Joseph J. Purtill, Judge Trial Referee