[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiff Marion June Davidson from the action of the Zoning Board of Appeals of the Town of Old Lyme (hereinafter the ZBA) in granting a variance with certain conditions. For reasons hereinafter stated, the decision appealed from is affirmed.
Plaintiff has appealed under the provisions of General Statutes §8-8(b), which limits appeals from decisions of local zoning boards of appeals to parties who are aggrieved by a decision of the board. Here, the parties have stipulated that: "[a]t all times since the decision of the Defendant, Town of Old Lyme Zoning Board of Appeals, the Plaintiff, who was the applicant for the subject variance, was and is the owner of the property at 38 White Sands Beach Road, Old Lyme. This property was and is the property for which the Plaintiff submitted the application for the variance." It is, therefore, found that she is aggrieved within the meaning of the statute and have standing to prosecute this appeal. Rogersv. Zoning Board of Appeals, 154 Conn. 484, 488 (1967).
All notices required by law have been properly given and timely published. No questions concerning jurisdiction have been raised.
The record indicates that plaintiff's property at White Sands Beach Road consists of a small lot with a single-family dwelling which was constructed in the 1930s. The layout of the lot and the construction of the dwelling preexisted the adoption of zoning regulations in the town. The regulations made the lot and house nonconforming as to bulk requirements including front yard setback, coverage of the lot and lot area.
On June 4, 1999, plaintiff applied to the ZBA for variances to permit the erection of a small covered porch to replace the entrance at the front of the dwelling house. It was requested that a variance be granted to § 8.8.1 (enlarging a nonconforming structure), § 8.9.3 (enlargement of a building on a lot which is nonconforming as to bulk, coverage and area, § 21.3.7 (front yard setback), § 21.3.11 (building coverage) and § 21.3.12 (floor area). On July 13, 1999, the ZBA held a public hearing on the application at which plaintiff presented evidence in support of the variance. The ZBA voted, on July 28, 1999, to approve the variances with the following conditions. "(A) No enclosure, extension or expansion of the porch be allowed; (B) that the roof overhang be no greater than previously existed and shown in the picture marked Exhibit A."
Plaintiff has appealed from this decision. A review of the complaint and the brief filed by plaintiff indicates that the appeal is limited to the second condition imposed by the ZBA that the roof overhang be no greater than previously existed on the premises. CT Page 13538
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676 (1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the ZBA. The function of the court in such a review is to determine whether the ZBA acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the ZBA.Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion confirmed by the legislature on the ZBA. The court is limited to granting relief only when it can be shown that the board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v.Zoning Board, 145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the ZBA's actions. Burnham, supra,189 Conn. 266.
It is not the function of the court to rehear the matter or question wisdom of the defendant ZBA in taking the action which it did. The court is limited to determining whether or not the ZBA's action can be supported under the law.
Here, the applicants requested that the ZBA grant a variance from the strict application of certain sections of the zoning regulations. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For these reasons, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals, 233 Conn. 198,206 (1995).
Defendant ZBA derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6(3). The statute establishes two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grub v. Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulation has on other properties in the zone. Dolan v. ZoningBoard of Appeals, 156 Conn. 426, 429 (1968). CT Page 13539
In her presentation at the public hearing in support of the variance, plaintiff relied to a large extent on Stillman v. Zoning Board ofAppeals, 25 Conn. App. 631 (1991). Plaintiff argued that a hardship existed because of the small size of the lot and the location of structures and other facilities thereon. The ZBA appeared to have agreed that plaintiff met the conditions required for a variance and voted to approve the application with the conditions indicated.
Although it does not appear to have been a significant factor in the granting of the variance, it is noted that a new wood-covered porch had already been constructed at the front entrance to plaintiff's house. This construction was completed without obtaining zoning permits and was in violation of the zoning regulations. The variance, as granted, would allow the construction to remain except that the roof would have to be reduced in size to that which existed prior to the illegal construction.[1] Plaintiff claims that this condition was unreasonable and arbitrary.
Implicit in the ZBA's power to grant variances is the power to attach reasonable conditions to the variances granted. Wright v. Zoning Board ofAppeals. "The right to attach reasonable conditions to the grant of a variance is not dependent upon express authorization from the law-making body. Were this not so, the board, for lack of such right, might be forced, at times, to deny a variance and thus to perpetuate an owner's plight crying for relief Since variances allow uses forbidden by the regulations, the attachments of conditions to the granting of a variance alleviates the harm which might otherwise result. Were it not for the conditions imposed by a board of appeals, variances might not be supportable as being in harmony with the general purpose and intent of the zoning ordinance. Thus, the variance and the attached conditions are inextricably linked, to the viability of the variance being conditioned upon the satisfaction of the conditions." Burlington v. Jencik,168 Conn. 506, 510 (1975) (citations omitted).
The ZBA expressed its reasons for granting the variance as: "The variance was granted based on the fact this was unique in that there was no other area of access to the house and that it would be a safety factor having the extended porch there."
The record indicates that the ZBA discussed the prior condition of the house which had a front entrance consisting of concrete steps and a small projection or awning over the doorway giving some protection from the weather. It was also noted that this was not unique in that other houses in the area had similar entrances.
There was discussion to the effect that the original concrete steps CT Page 13540 provided only a two-foot by three-foot top landing and that this could be dangerous. From the agreement that the original concrete steps were dangerous, the members then concluded, as plaintiff argued, that the larger deck, or landing, would improve safety and that this improvement could only be located where it had been illegally constructed. There is substantial evidence in the record to support the ZBA's conclusion in this regard upon which the variance was based.
The concept that the larger area would increase safety on the landing does not apply to the roof. ZBA members noted that the existing awning over the landing was adequate and that there was no justification for any extension. This conclusion resulted in the second condition which plaintiff argues was unreasonable and arbitrary.
From the record, it could be found that the second condition attached to the variance, which will result in plaintiff being required to remove a portion of the roof, was reasonable. The variance allows plaintiff to construct an entrance which is in violation of the zoning regulations. If it were not for the conditions attached to the variance, the ZBA might well have concluded that the variance could not be issued. The imposition of the condition allowed the ZBA to grant the variance and gave plaintiff authority to remedy a dangerous situation.
The conclusion that the second condition attached to the variance was reasonable and not arbitrary made it unnecessary to consider whether or not the condition was so inextricably linked to the variance that it could not be severed.
Accordingly, judgment is rendered sustaining the decision of the ZBA appealed from.
Joseph J. Purtill State Trial Referee