JOHN M. HOFFER *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF OXFORD
(AC 20537)

Schaller, Spear and Peters, Js.

---

Argued March 1—officially released June 26, 2001

*Frederick D. Stanek*, with whom, on the brief, was *Steven P. Kulas*, for the appellant (plaintiff).

*George R. Temple*, for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiff, John M. Hoffer, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant zoning board of appeals of the town of Oxford (board), denying his application for variances. The plaintiff claims that the court improperly concluded that (1) the plaintiff had failed to establish hardship and (2) there was no confiscation of the plaintiff's property. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff owns seven small contiguous lots on Cherokee Drive and Osage Road in Oxford. The lots are in a single-family residential district. The plaintiff, who desired to build a single-family

dwelling on his property,[1] applied to the board for variances to permit construction of a dwelling on property that (1) slopes more than twenty degrees,[2] (2) is less than one and one-half acres in size[3] and (3) may not meet the requirement that only one lot can depend on an easement of access or private right-of-way.[4]

After a public hearing, the board denied the plaintiff's application without explanation. The plaintiff appealed to the Superior Court, which dismissed his appeal. This appeal followed.

Our standard of review when considering an appeal from the judgment of a court regarding the decision of a zoning board to grant or deny a variance is well established. "We must determine whether the trial court correctly concluded that the board's act was not arbitrary, illegal or an abuse of discretion. . . . Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, review the action of the trial court. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Citations omitted; internal quotation marks omitted.) *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 205–206, 658 A.2d 559 (1995).

---

[1] "Property" as used in this opinion refers to all of the plaintiff's seven small contiguous lots.

[2] Article two, § 28, of the Oxford zoning regulations provides in relevant part: "No building shall be placed in an area where the predeveloped slopes are in excess of twenty degrees. . . ."

[3] Article five, § 4, of the Oxford zoning regulations provides in relevant part: "Each lot shall have a minimum land area of one and one-half acres and shall be of such shape that a square with 160 feet on each side will fit on the lot. . . . Only one lot may depend upon an easement of access or private right of way for exclusive access . . . ."

[4] See footnote 3.

"[T]he board may grant variances with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . . To support a variance, therefore, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. . . . The applicant bears the burden of demonstrating the existence of a hardship." (Internal quotation marks omitted.) *Norwood* v. *Zoning Board of Appeals*, 62 Conn. App. 528, 533, 772 A.2d 624 (2001).

I

The plaintiff claims that the court improperly concluded that he had not established the hardship necessary to support the granting of the variances. He asserts that the size and configuration of his property prevented his compliance with the regulations while still using the property for the construction of a dwelling. He asserted that those factors demonstrated the necessary hardship.

Because the board did not state the reasons for its denial of the variances, the trial court reviewed the record before the board to determine whether that record supported the action taken. See id., 532 ("[w]here . . . the board has not articulated the reasons for its actions, the court must search the entire record to find a basis for the board's decision").

The plaintiff argues that the regulation prevents him from constructing a single-family dwelling and, therefore, creates a hardship. He asserts that the hardship arises because the area "consists of single-family resi-

dential structures and that other variances have been granted in the subdivision over time." He cites no authority for the proposition that the existence of other single-family homes in the area establishes hardship, and the trial court correctly noted that the granting of other variances has no bearing on whether the variances in this particular case should have been granted.

Any hardship that the plaintiff alleged was not unusual or different in kind from the type of harm suffered by other landowners in the area with similar lots, and, therefore, no variance was warranted. The court could not substitute its judgment for that of the board and neither can we, as long as honest judgment was reasonably and fairly exercised after a full hearing. *Bloom* v. *Zoning Board of Appeals*, supra, 233 Conn. 206. For these reasons, we conclude that the court's decision was proper.

## II

The plaintiff also claims that the court improperly concluded that the board's decision did not amount to a confiscation of his property. The plaintiff presented evidence to the trial court showing that the value of his property was greatly reduced as a result of the defendant's application of the zoning regulations. That evidence showed that the property, with the requested variances, would be worth $69,000, but without the variances its value was $5000 to $10,000. In addition, the plaintiff asserts that the board's decision bears little relationship to the purposes of the zoning laws and that the effect of such a strict application of the regulations to his property is confiscatory and arbitrary. This claim is without merit.

"[T]he determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree of diminution in the value of the land but also to the nature

and degree of public harm to be prevented and to the alternatives available to the landowner." (Internal quotation marks omitted.) *Cioffoletti* v. *Planning & Zoning Commission*, 209 Conn. 544, 562–63, 552 A.2d 796 (1989). "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of . . . unnecessary hardship. . . . Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect. . . . Zoning regulations have such an effect in the extreme situation where the application of the regulations renders the property in question practically worthless." (Citation omitted; internal quotation marks omitted.) *Norwood* v. *Zoning Board of Appeals*, supra, 62 Conn. App. 534–35.

The court properly found that there was no confiscation of the plaintiff's property. There is nothing in the record to show that the board acted unfairly or with improper motives or reasons, and, therefore, the board's denial of the plaintiff's variance was not arbitrary, illegal or an abuse of discretion. Additionally, the plaintiff's property is not "practically worthless." See id., 535. It still possesses value as a recreational property, which is a use the court noted is similar to other lots of similar size in the area.

The judgment is affirmed.

In this opinion the other judges concurred.