LAWRENCE J. DUPONT *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF MANCHESTER
(AC 23710)

Foti, Schaller and Dranginis, Js.

Argued September 8—officially released December 2, 2003

*John F. Sullivan,* assistant town attorney, for the
appellant (defendant).

*David A. Golas,* for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. The defendant, the zoning board of
appeals of the town of Manchester (board), appeals
from the judgment of the trial court sustaining the
appeal by the plaintiff property owner, Lawrence J.
Dupont, from the board's denial of the plaintiff's appli-

cation for a variance. On appeal, the board claims that the court improperly (1) found that the claimed hardship at issue was not created by the plaintiff and (2) substituted its judgment for that of the board in finding that there was a valid hardship necessitating the granting of the application for a variance. We agree with the board that the court improperly concluded that there was a hardship requiring a variance and, accordingly, reverse the judgment of the trial court.

The following facts are relevant to our resolution of the board's appeal. The subject lot is a single parcel in a residential AA zone with an area of approximately 30,000 square feet. It is at 134 Prospect Street in Manchester. On November 25, 1981, the plaintiff purchased the property from Leo Dupont by a quitclaim deed. At that time, the Manchester zoning regulations required that each lot in a residential AA zone have a minimum of 18,000 square feet.[1] On August 29, 2001, the plaintiff applied to the board for a variance to subdivide the lot into two parcels. According to the application, parcel A measured 18,118.98 square feet and parcel B, on which a single-family house currently stands, measured 12,336.65 square feet.

In his application for the variance, the plaintiff stated the reason for the hardship: "[T]he street line of Prospect Street cut and established by the town of Manchester adversely impacts this lot as it intersects with Hackmatack Street."[2] At a public hearing before the

---

[1] In 1956, the Manchester zoning board amended its regulation to increase the size of a lot from 15,000 square feet to 18,000 square feet. Before 1950, each lot was required to have a minimum of 12,000 square feet.

[2] The record in this case is unclear as to whether there was a taking of the Prospect Street "cut." The court found that the town had created the Prospect Street "cut" in 1838. The plaintiff's family originally acquired the property "at least" by 1847. The plaintiff acquired the property in 1981 and applied to subdivide his property twenty years later. The property was subject to the 18,000 square feet minimum lot requirement prior to his purchase, requiring the plaintiff to seek the variance. The only evidence of the taking provided by the plaintiff regarding the lot is a copy of the town assessor's street card for 150 Prospect Street. At the hearing, the plaintiff

board on September 19, 2001, the plaintiff presented his application and various exhibits. The board, by a vote of three to two, voted in favor of granting the variance. The variance, however, was denied for failure to receive four affirmative votes in accordance with General Statutes § 8-7.[3] The board, in denying the variance, provided no reason for its action, and none was furnished in the minutes of the meeting.

The plaintiff appealed to the trial court, claiming that the board's decision was arbitrary, illegal and an abuse of discretion. In reversing the board's decision, the court found that the hardship was not created by the plaintiff and directed the board to grant the application. This appeal followed.

The standard of review on appeal from a zoning board's decision to grant or to deny a variance is well established. We must determine whether the trial court correctly concluded that the board's denial of the variance was not supported by the record. See *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 205–206, 658 A.2d 559 (1995). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, review the action of the trial court. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Id., 206.

---

stated: "I'd like to enter this [street card] as an exhibit for the fact that it shows there are in fact no references that I could find to [show] how the town took title to the median strip that it currently owns, which is 0.10 acres at the intersection of Prospect and Hackmatack [Streets]."

[3] "General Statutes § 8-7 requires the concurring vote of four members of a zoning board of appeals to grant a variance." *Pollard* v. *Zoning Board of Appeals*, 186 Conn. 32, 36 n.5, 438 A.2d 1186 (1982).

"A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. . . . For a variance to be granted under General Statutes § 8-6 (3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . . The zoning board's action must be reasonably supported by evidence in the record. . . . The hardship must be different in kind from that generally affecting properties in the same zoning district." (Citations omitted; internal quotation marks omitted.) *Kelly* v. *Zoning Board of Appeals*, 21 Conn. App. 594, 597–98, 575 A.2d 249 (1990).

"Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. . . . A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted; internal quotation marks omitted.) *Stancuna* v. *Zoning Board of Appeals*, 66 Conn. App. 565, 570, 785 A.2d 601 (2001). "The desire to subdivide property into [two] lots is a voluntary hardship created by the applicant requiring denial of a variance." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 9.3, p. 186. "Where the claimed hardship arises from the applicant's voluntary act . . . a zoning board lacks the power to grant a variance." (Internal quotation marks omitted.) *Aitken* v. *Zoning Board of Appeals*, 18 Conn. App. 195, 205, 557 A.2d 1265 (1989).

The board's first claim, which is dispositive of its appeal, is that the court improperly found that the plaintiff's hardship was not self-created. The board relies on

*Aitken* v. *Zoning Board of Appeals*, supra, 18 Conn. App. 206, for the proposition that a hardship that is self-created is never a proper ground for a variance. We agree that the plaintiff's desire to subdivide his property in this case is a self-created hardship that does not entitle him to a variance.

Because the board did not state the reasons for its decision, the court searched the record to find a basis for the board's decision. See *Norwood* v. *Zoning Board of Appeals*, 62 Conn. App. 528, 532, 772 A.2d 624 (2001). The court concluded that "the hardships were created by the town of Manchester in laying out Prospect Street *and* in the zoning ordinance/zoning regulations in which the minimum lot requirement was raised to 15,000 square feet and then 18,000 square feet where parcel B is approximately 12,000 square feet, long after the plaintiff and his predecessors in title had taken title to the property and the dwelling had been built, which was in 1847." (Emphasis in original.)

In finding that a valid hardship existed, the court relied on *Hammond* v. *Zoning Board of Appeals*, Superior Court, judicial district of New Haven, Docket No. 422752 (January 31, 2000), which concluded that "[p]art of the owner's legitimate expectation in ownership of the lot was the right to subdivide it." That reliance was misplaced. Our examination of the record reveals no hardship that would entitle the plaintiff to a variance. Here, the applicant sought to subdivide a lot, which under current zoning regulations had no preexisting nonconformities, into two lots, one of which would have less than the required square footage. The facts in this case are similar to those in *Aitken*. In *Aitken*, the applicant sought and was granted a variance that reduced the minimum lot frontage from 130 feet to zero feet, permitting him to resubdivide his previously conforming single lot to establish a rear building lot with zero frontage. *Aitken* v. *Zoning Board of Appeals*,

18 Conn. App. 196–97. The plaintiff claimed that the trial court improperly had found that there was sufficient hardship to support the granting of the variance. Id., 203–204. This court agreed, concluding that the applicant's desire to subdivide his property into two lots was self-created and "therefore, not a sufficient reason to depart from the zoning regulations." Id., 206.

If we were to entertain the proposition that a property owner has a right to subdivide his property simply because he owns it, then we would be undermining the policy identified by our Supreme Court that variances are to be granted only in limited circumstances. "[U]nless great caution is used and variances are granted only in proper cases, the whole fabric of town- and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting the property values and securing the orderly development of the community is completely thwarted." (Internal quotation marks omitted.) *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals*, 218 Conn. 265, 270–71, 588 A.2d 1372 (1991). We conclude, as we did in *Aitken* v. *Zoning Board of Appeals*, supra, 18 Conn. App. 206, that when a property owner's situation is self-created, that is not a sufficient reason to depart from the zoning regulations. Accordingly, the court improperly found that a valid hardship existed.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.