GINO SCIORTINO ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF OXFORD ET AL.
(AC 24803)

Dranginis, McLachlan and Stoughton, Js.

Argued October 25, 2004—officially released February 1, 2005

*Leslie S. Hollo*, for the appellants (plaintiffs).

*Eric Knapp*, for the appellee (named defendant).

*Alexander J. Trembicki*, for the appellees (Paul T. Vizzo et al.).

*Opinion*

STOUGHTON, J. In April, 2001, the defendants Paul T. Vizzo and Christina Vizzo obtained a zoning permit from the zoning enforcement officer of the town of Oxford to construct a house on their real property. The plaintiffs, Gino Sciortino, Cynthia Sledziona and Michael Abbels, who own real property adjacent to that of the Vizzos, thereafter appealed to the defendant zoning board of appeals of the town of Oxford (zoning board), challenging the issuance of that permit. The zoning board denied their appeal. The plaintiffs then filed in Superior Court an appeal from the decision of the zoning board. After a trial to the court, judgment was rendered dismissing the appeal, from which the plaintiffs now appeal to this court.

The plaintiffs claim that (1) the court failed to review the zoning regulations of the town of Oxford that were violated by the application, (2) the application violated the zoning regulations and (3) the court disregarded evidence that Old English Road,[1] the road at issue in this appeal, was a private drive, not a town road. We affirm the judgment of the trial court.

Park Road in Oxford runs generally in an easterly and westerly direction. There is no dispute that Park Road is a "public street."[2] Old English Road runs off

[1] According to the plaintiffs, the names "Old English Road" and "Old English Lane" are used interchangeably in the town of Oxford records to refer to the street that is the subject of this action.

[2] Article two, § 43, of the Oxford zoning regulations, effective June 26, 1997, defines "public street" as "a State highway or one that has been accepted by the Town or appears on the State-aid list."

Park Road at a slight angle generally in a northeasterly direction. The property of Sledziona has frontage of substantially less than 175 feet on Park Road and in excess of 200 feet on Old English Road. It has a driveway to and from Park Road. The Vizzos' property is a lot lying behind Sledziona's property. It includes a twenty-five foot wide strip of land leading to Park Road. It has in excess of 100 feet of frontage on Old English Road.

On May 8, 2000, the Vizzos, desiring to build a house on their lot, obtained a permit from the zoning enforcement officer for a driveway leading to Old English Road. The permit was revoked after the board of selectmen heard evidence and decided that there was confusion over whether Old English Road was a town road. The town attorney, after investigation, concluded that it was a town road,[3] and the board of selectmen thereafter directed that a driveway permit be issued. Having obtained a new driveway permit, the Vizzos applied for and received a certificate of zoning compliance from the zoning enforcement officer. The Vizzos then applied for and received a building permit and built a single-family house in accordance with their permit.

We begin by setting forth the applicable standard of review. "Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court had to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. . . . In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. . . . [U]pon

---

[3] See footnote 2.

appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . . . We, in turn, review the action of the trial court. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." (Citation omitted; internal quotation marks omitted.) *Doyen* v. *Zoning Board of Appeals*, 67 Conn. App. 597, 603, 789 A.2d 478, cert. denied, 260 Conn. 901, 793 A.2d 1088 (2002).

The plaintiffs claim that the issuance of the permits violated article two, § 29, and article five, § 4, of the Oxford zoning regulations, made effective on June 26, 1997.[4] Article two, § 29,[5] defines an interior lot in relevant part as "[a] lot to the rear of one or more front lots, served by an accessway with a minimum width of 25 feet . . . ." It further provides in relevant part that "[b]oth accesses [to the front and interior lots] must come off the same road." Article five, § 4,[6] provides in

[4] The defendants argue that their property should be afforded the protections of General Statutes § 8-26a (b), which provides in relevant part that "[n]otwithstanding the provisions of any general or special act or local ordinance, when a change is adopted in the zoning regulations . . . of any town . . . no lot or lots shown on a subdivision plan for residential property which has been approved, prior to the effective date of such change, by the planning commission of such town . . . and filed or recorded with the town clerk, shall be required to conform to such change." That statute is not of any assistance to the Vizzos because their lot was not approved by the planning commission prior to the enactment of the current zoning regulations.

[5] Article two, § 29, of the zoning regulations defines an interior lot as "[a] lot located to the rear of one or more front lots, served by an accessway with a minimum width of 25 feet. Both accesses must come off the same road." Article two, § 1, of the zoning regulations defines "access" as "[i]ngress and egress to an approved building lot." There is no provision that requires the use of such access. The mere existence of the access is enough to conform the lot to the statutory requirements.

[6] Article five, § 4, of the zoning regulations, entitled "Lot Area, Shape, Frontage and Access," provides in relevant part that "[e]ach lot shall . . . have a frontage of 175 feet or more on a public street or properly bonded subdivision street except that one interior lot may depend on an easement of access, private right-of-way, or accessway owned in fee of at least 25

relevant part that "[e]ach lot shall . . . have a frontage of 175 feet or more on a public street . . . except that one interior lot may depend on an easement of access, private right-of-way, or accessway owned in fee of at least 25 feet in width to a public street . . . ." Article five, § 4.1,[7] provides in relevant part that "[e]ach interior lot must be located behind and adjoining an acceptable front lot . . . ."

The resolution of this appeal depends on whether the zoning board had authority to decide whether Old English Road is a town road. There was evidence that prior to the Vizzos' application, the zoning board had denied other applications on the representation that Old English Road was not a town road. The zoning board's powers are set forth in General Statutes § 8-6.[8]

---

feet in width to a public street or properly bonded subdivision street and two interior lots may depend upon an easement of access, private right-of-way, or accessway owned in fee of at least 50 feet in width to a public street or properly bonded subdivision street."

[7] Article five, § 4.1, of the zoning regulations, entitled "Interior Lots," provides in relevant part that "[a]ny lot meeting all the requirements except frontage of 175 feet or more will be considered an interior lot. It must have an easement of access, private right-of-way, or accessway owned in fee of at least 25 feet wide to a public street or properly bonded subdivision street. Each interior lot must be located behind and adjoining an acceptable front lot, with said lot and accessways to the interior lot pinned by a licensed engineer or land surveyor."

[8] General Statutes § 8-6 provides: "(a) The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter; (2) to hear and decide all matters including special exceptions and special exemptions under section 8-2g upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation; and (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare

Pursuant to § 8-6, a decision by an official charged with enforcement of zoning ordinances or regulations may be appealed to the zoning board. The zoning enforcement officer issued a certificate of zoning compliance, and it was that decision that was appealed. In making that decision, the zoning enforcement officer did not decide that Old English Road was a town road because that decision had been made by the board of selectmen. Whether the decision was correct was not for the zoning enforcement officer or for the zoning board to decide. The determination having been made, the zoning enforcement officer was required to issue the certificate as long as it was in compliance with the zoning regulations. See *Cybulski* v. *Planning & Zoning Commission*, 43 Conn. App. 105, 110, 682 A.2d 1073, cert. denied, 239 Conn. 949, 686 A.2d 123 (1996).

Because the board of selectmen had determined that Old English Road is a town road, Sledziona's property had more than 175 feet of frontage on a public street, thereby making Sledziona's property an acceptable front lot even though it had less than 175 feet of frontage on Park Road. The Vizzos' property therefore is a proper interior lot because it has an accessway owned in fee of at least twenty-five feet wide to a public street, and is located behind and adjoining an acceptable front lot. Although Old English Road is a public road, the Vizzos' frontage is not long enough to make it a front lot in its

secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier such application.

"(b) Any variance granted by a zoning board of appeals shall run with the land and shall not be personal in nature to the person who applied for and received the variance. A variance shall not be extinguished solely because of the transfer of title to the property or the invalidity of any condition attached to the variance that would affect the transfer of the property from the person who initially applied for and received the variance."

own right. Both the Vizzos' lot and Sledziona's lot had access to Park Road and Old English Road. There was evidence that the Vizzos did not intend to put a driveway on the twenty-five foot wide strip leading to Park Road because the terrain would make it difficult and expensive. Because both properties have access to Park Road, the Vizzos' lot is a proper interior lot regardless of the fact that its driveway runs to Old English Road.

We conclude that the court conducted a proper review of the zoning regulations and agree with the conclusion of the court that the record supports the decision of the board.

The judgment is affirmed.

In this opinion the other judges concurred.