LEWIS JERSEY ET AL. *v.* ZONING BOARD OF
APPEALS OF THE CITY OF DERBY
(AC 27438)

Schaller, Harper and Rogers, Js.

Argued February 5—officially released May 22, 2007

*Ian Angus Cole,* for the appellants (plaintiffs).

*Brian A. Lema,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiffs, Lewis Jersey and Susan Jersey, appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant, the zoning board of appeals of the city of Derby, denying their application for a variance. On appeal, the plaintiffs claim that § 25.25 (I) (2), formerly § 195-80 B, of the Derby zoning regulations,[1] is illegal and void, and (2) that the defendant's denial of the application was unreasonable, arbitrary or illegal. We agree with the plaintiffs'

---

[1] In January, 2000, § 195-80 B was codified in a new section of the Derby zoning regulations, specifically, article VI, § 25.25 (I) (2). In its memorandum of decision, the court referred to § 195-80 B.

first claim and, accordingly, reverse the judgment of the trial court.[2]

The following factual and procedural history is pertinent to the resolution of the plaintiffs' appeal. The subject property is located at 13 Stephen Street, Derby, in the R-3 residential zoning district. The plaintiffs, by way of an application dated February 1, 2005, requested a variance of the fifty foot rear yard setback requirement. They had sought to construct a two car garage, with additional living space, on their property. The application indicated that the unique shape of the plaintiffs' lot, with a concave rear boundary, permitted them to build only an odd shaped addition that would not be in harmony with the surrounding properties. In order to build the garage in the shape of a rectangle, the plaintiffs needed the variance to reduce the rear setback to thirty-six feet.

On February 17, 2005, the defendant held a public hearing on the plaintiffs' application. During their presentation, the plaintiffs conceded that they were making a reasonable use of the property. No one voiced any public opposition to the variance. The chairman, Samuel M. Rizzitelli, Jr., stated that in order to grant the variance, the defendant needed to make the following findings: (1) if the plaintiffs complied with the zoning regulations, they would not be able to make any reasonable use of the property; (2) the difficulties or hardship are particular to the property in question, in contrast with those of others in the same district; (3) the hardship was not the result of the plaintiffs' action; and (4) the hardship was not merely financial or pecuniary.[3] Rizzitelli then noted that the plaintiffs had acknowledged

---

[2] We therefore do not reach the plaintiffs' second claim on appeal.

[3] Section 25.25 (I) (2) of the Derby zoning regulations provides in relevant part that the defendant has the power to "[g]rant variances from the strict application of these regulations when, by reason of exceptional narrowness, shallowness, shape or substantial size of a specific parcel of property, the strict applications of these regulations . . . would result in unusual difficulty or unreasonable hardship upon the owner of said property; provided

that they presently were making a reasonable use of the property. Another member of the board, Beverly Moran, indicated that, in her view, three of the conditions were satisfied. After additional discussion, the board unanimously denied the application. Rizzitelli stated that "according to the code we can only approve variances when the record shows that you cannot make a reasonable use of the property."

On March 11, 2005, the plaintiffs appealed from the decision of the defendant to the Superior Court. The court determined that the defendant acted within its discretion to deny the application for a variance. The court also rejected the plaintiffs' claim that the regulation's requirement that the owner of property not have any reasonable use before a variance could be granted was not illegal or void. Specifically, the court stated that "the regulation instructs [the defendant] to consider the effect that the issuance or denial of a variance request has upon the property owner's reasonable use of the property in order to determine whether an unusual difficulty or hardship exists to allow the granting of a variance." Following our grant of certification, this appeal followed.[4]

that such relief or variance can be granted without substantial impairment of the intent, purpose, and integrity of these regulations. Uses not permitted as of right in any particular zoning district shall not be permitted in that particular zoning district by variance. Before granting a variance on the basis of unusual difficulty or unreasonable hardship, there must be a finding by the [defendant] that all of the following conditions exist: *(1) That if the owner complied with the provisions of these regulations, he would not be able to make any reasonable use of his property.* (2) That the difficulties or hardship are peculiar to the property in question, in contrast with those of other properties in the same district. (3) That the hardship was not the result of the applicant's own action. (4) That the hardship is not merely financial or pecuniary." (Emphasis added.)

[4] The defendant, without any analysis, casually suggests that the plaintiffs lacked standing to challenge the Derby zoning regulation. Our Supreme Court has stated: "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the

The plaintiffs claim that § 25.25 (I) (2) of the Derby regulations is illegal and void. We begin our analysis by setting forth our standard of review. We generally review the actions of a zoning board under a deferential standard.[5] *Benson* v. *Zoning Board of Appeals*, 89 Conn.

subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue. . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury. Similarly, standing exists to attempt to vindicate arguably protected interests. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring an action, in other words statutorily aggrieved, or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 538, 893 A.2d 389 (2006).

As a result of § 25.25 (I) (2), the plaintiffs clearly have suffered an injury to a recognized legal right, namely, the restriction on the use of their property. We therefore fail to understand the defendant's argument, set forth in a solitary paragraph in its brief, that the plaintiffs failed to establish that they have standing to challenge the regulation. We conclude that it is without merit.

[5] "[I]t is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. . . . In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. . . . [U]pon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . . . We, in turn, review the action of the trial court. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." (Internal quotation marks omitted.) *Sciortino* v. *Zoning Board of Appeals*,

App. 324, 329, 873 A.2d 1017 (2005). In the present case, however, the issue presented requires us to determine whether the Derby regulation is valid. "Resolution [of the validity of a regulation] requires us to review the applicable statutory provisions and the relevant town regulations. Because the interpretation of . . . [statutes and] regulations presents a question of law, our review is plenary." (Internal quotation marks omitted.) *Jewett City Savings Bank* v. *Franklin*, 280 Conn. 274, 278, 907 A.2d 67 (2006); *Andrews* v. *Planning & Zoning Commission*, 97 Conn. App. 316, 319, 904 A.2d 275 (2006). We therefore must decide "whether [the court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Pinchbeck* v. *Planning & Zoning Commission*, 69 Conn. App. 796, 801, 796 A.2d 1208, cert. denied, 261 Conn. 928, 806 A.2d 1065 (2002).

A brief review of our law with respect to variances will be helpful for our discussion. "A variance has been defined as the authority granted to [an] owner to use his property in a manner forbidden by zoning regulations. . . . Our Supreme Court has cautioned that the power to grant variances from the strict application of zoning ordinances should be carefully and sparingly exercised. . . . The power to authorize a variance is only granted for relief in specific and exceptional instances." (Citation omitted; internal quotation marks omitted.) *Horace* v. *Zoning Board of Appeals*, 85 Conn. App. 162, 165–66, 855 A.2d 1044 (2004). "[A] board may grant variances with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or

87 Conn. App. 143, 146–47, 866 A.2d 645 (2005); *Raymond* v. *Zoning Board of Appeals*, 76 Conn. App. 222, 228–29, 820 A.2d 275, cert. denied, 264 Conn. 906, 826 A.2d 177 (2003).

unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . . To support a variance, therefore, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control." (Internal quotation marks omitted.) *Hoffer* v. *Zoning Board of Appeals*, 64 Conn. App. 39, 42, 779 A.2d 214 (2001); see also *Stancuna* v. *Zoning Board of Appeals*, 66 Conn. App. 565, 570, 785 A.2d 601 (2001) ("[p]roof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance" [internal quotation marks omitted]).

The essence of the plaintiffs' claim is that the regulation in question contains an additional element that is not required by our statutes. General Statutes § 8-6 (a) provides in relevant part: "The zoning board of appeals shall have the following powers and duties . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . ."

Our case law establishes that "[f]or a variance to be granted under General Statutes § 8-6 (3) [now § 8-6 (a) (3)], two conditions must be fulfilled: (1) the variance

must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) *Dupont* v. *Zoning Board of Appeals*, 80 Conn. App. 327, 330, 834 A.2d 801 (2003); see also *Francini* v. *Zoning Board of Appeals*, 228 Conn. 785, 790, 639 A.2d 519 (1994); *Kalimian* v. *Zoning Board of Appeals*, 65 Conn. App. 628, 631, 783 A.2d 506, cert. denied, 258 Conn. 936, 785 A.2d 231 (2001).

In the present case, the regulation in question incorporates an additional requirement for applicants seeking a variance. In order for the defendant to grant a variance, applicants must demonstrate that they are unable to make *any reasonable use of the property.* We acknowledge that the concept of "reasonable use" exists in our variance jurisprudence. As a general rule, "[d]isadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." (Internal quotation marks omitted.) *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 369, 537 A.2d 1030 (1988). Such considerations "are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property *greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put* and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect." (Emphasis added; internal quotation marks omitted.) Id.; see also *Horace* v. *Zoning Board of Appeals*, supra, 85 Conn. App. 171; *Hoffer* v. *Zoning Board of Appeals*, supra, 64 Conn. App. 44. In other words, whether a

property retains any reasonable use *can be* a test for determining a hardship in some circumstances *but is not a prerequisite* in all cases.

Our decision in *Stillman* v. *Zoning Board of Appeals*, 25 Conn. App. 631, 596 A.2d 1, cert. denied, 220 Conn. 923, 598 A.2d 365 (1991), is particularly instructive. In *Stillman*, the applicant homeowner sought a variance from the town of Redding's setback and coverage regulations in order to build an addition to her home. Id., 632. The zoning board of appeals awarded the homeowner the variance, and an adjoining landowner filed an appeal to the Superior Court. Id. The court sustained the appeal, holding that the homeowner had failed to satisfy the hardship requirement necessary to grant the request for a variance. Id.

We reversed the judgment of the court and stated: "The trial court gave the following formulation of the test for the existence of a hardship: Exceptional difficulty or undue hardship is established where a board could reasonably find that the application of the regulation to the property greatly destroys its value for any of the uses to which it could reasonably be put and where the regulation bears so little relationship to the purpose of zoning that, as to the particular premises, the regulation has a confiscatory or arbitrary effect. The trial court concluded that because the record is devoid of evidence that the property has little or no value because of the setback regulations, no hardship has been shown." (Internal quotation marks omitted.) Id., 635–36.

We agreed with the homeowner's argument that such a test was overly restrictive and not the proper analysis for establishing a hardship. Id., 636. The test utilized by the court was for "the extreme situation where the application of a regulation renders property practically worthless, and that loss of value alone amounts to a

hardship." Id.; see also *Giarrantano* v. *Zoning Board of Appeals*, 60 Conn. App. 446, 452–53, 760 A.2d 132 (2000); T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) pp. 132–33. We further explained that "[a] variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property." *Stillman* v. *Zoning Board of Appeals*, supra, 25 Conn. App. 636. We concluded that, due to the unique conditions of the property, the board properly had granted the variance. Id., 636–37.

Our Supreme Court has explained that "[t]he authority for a zoning board of appeals to vary the application of zoning regulations is found in § 8-6 (3) [now § 8-6 (a) (3)] of the General Statutes . . . ." *Garibaldi* v. *Zoning Board of Appeals*, 163 Conn. 235, 238, 303 A.2d 743 (1972); see also *Torrington* v. *Zoning Commission*, 261 Conn. 759, 779–80, 806 A.2d 1020 (2002). As we previously have detailed, that statute authorizes a zoning board of appeals to grant a variance where the comprehensive zoning plan will not be substantially affected and adherence to the strict letter of the zoning regulations would cause an unusual hardship that is unnecessary to the carrying out of the general purpose of the zoning plan. *Dupont* v. *Zoning Board of Appeals*, supra, 80 Conn. App. 330. In the present case, the regulation requires that every applicant seeking a variance must satisfy a test that has been reserved for the rare circumstance in which a property is rendered practically worthless. In other words, the requirement that the property cannot have any reasonable use has been grafted onto *every* application for a variance rather than the limited situation for which it was designed.[6]

---

[6] The defendant argues that it is free to consider whether the regulations deprive a property owner of any reasonable use. We agree with that proposition. The fatal flaw with § 25.25 (I) (2) is that if the property has any other reasonable use, the defendant is prohibited from granting the variance without consideration of other factors. It is more than an invitation to simply

This additional requirement impermissibly limits the power, given by the General Assembly, of the defendant to grant variances in cases in which a hardship has been established, even if the property may be put to some other reasonable use. Simply put, it prohibits the defendant from utilizing its discretion to determine whether to grant or deny a variance in favor of a bright-line rule. See *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 543, 45 A.2d 828 (1946) (question of whether to grant variance left to sound discretion of zoning board). As our Supreme Court has stated: "*Any attempt to limit [the] powers and duties [of a zoning board of appeals] by restrictive regulation in conflict with the enactment of the General Assembly exceeds the authority of the town. The regulations governing the powers and duties of the zoning board of appeals are not enforceable.*" (Emphasis added.) *Farnsworth* v. *Windsor*, 150 Conn. 484, 486–87, 190 A.2d 915 (1963) (regulation limiting variances to situations in which lot exceptionally irregular, narrow, shallow or steep or in which other exceptional physical characteristics exist not valid or enforceable); see also *Celentano, Inc.* v. *Board of Zoning Appeals*, 149 Conn. 671, 676–77, 184 A.2d 49 (1962); *Mabank Corp.* v. *Board of Zoning Appeals*, 143 Conn. 132, 134–36, 120 A.2d 149 (1956), overruled in part on other grounds by *Garibaldi* v. *Zoning Board of Appeals*, 163 Conn. 235, 240, 303 A.2d 743 (1972); *Zoning Board of Appeals* v. *Planning & Zoning Commission*, 27 Conn. App. 297, 304–305, 605 A.2d 885 (1992); T. Tondro, supra, p. 125.

The defendant counters that in *Zoning Board of Appeals* v. *Planning & Zoning Commission*, supra, 27 Conn. App. 297, we stated that § 8-6 "grants broad powers to the zoning board of appeals and *limits those powers only when the zoning commission passes a*

consider whether other reasonable uses are available; it serves as a inflexible constraint on the power of the defendant to grant a variance.

*regulation explicitly limiting the issuance of variances.*" (Emphasis added; internal quotation marks omitted.) Id., 303. Our statement, however, was referring to the language in § 8-6 that "the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . ." The defendant has failed to refer us to any Derby zoning regulation that contains such a limitation that is applicable to the plaintiffs' property. This argument, therefore, is not germane to the plaintiffs' claim.

We conclude that the additional requirement pertaining to variances that is found in § 25.25 (I) (2) is void and has no legal effect. It therefore was improper for the defendant to the deny the plaintiffs' application for a variance on that basis, and the judgment of the trial court must be reversed.

As a final matter, we address the scope of our remand. The plaintiffs argue that the record is clear that the only reason for denying the variance was the failure to demonstrate that the property had no other reasonable uses. Accordingly, they contend that we should order that the variance be granted. "Generally, when the court finds the action of an administrative agency to be illegal, it should go no further than to sustain the appeal. . . . For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority. . . . When it appears, however, that the zoning authority could reasonably reach only one conclusion, the court may direct the authority to do that which the conclusion requires." (Citation omitted; internal quotation marks omitted.) *Chevron Oil Co.* v. *Zoning Board of Appeals*, 170 Conn. 146, 153, 365 A.2d 387 (1976). The plaintiffs maintain that in the present case, the defendant could reach only one conclusion

and that we therefore should direct it to grant the variance.

We, however, do not agree that the facts and circumstances of the present case warrant an exception to our general practice of remanding for further proceedings. Four of the five members of the defendant discussed the merits of the plaintiffs' application. A motion was made to approve the application, and all five members voted in the negative. Richard Bartholomew, a member of the defendant, then asked if Rizzitelli would provide a reason for the denial. Rizzitelli stated: "To articulate a reason for the denial I would—if anybody wants to add to this, but I would say that you know the record shows that you are making reasonable use of your property and according to the code we can only approve variances when the record shows that you cannot make a reasonable use of the property. In all fairness to everybody in the entire City we have to apply this code without prejudice to anyone so that in order to be fair everybody follows the same standard. So that's probably the basis—that's a solid base. I don't know if anybody wants to add to that. It makes sense." Moran then stated that the "no reasonable use" requirement appeared to be the only basis to reject the application and Rizzitelli replied: "Without that requirement in the code it would probably be approved, okay."

In our view, this colloquy, which came after the vote, between two members of the defendant did not constitute a formal statement of its reasons for denying the application but merely was the utterances of individual members of the defendant. See *Harris* v. *Zoning Commission*, 259 Conn. 402, 420, 788 A.2d 1239 (2002). We cannot conclude, as a matter of law, on the basis of the record before us that all of the members of the defendant would have approved the application but for the "no reasonable use" requirement. The previously cited colloquy does not approach the level of certainly

required before this court will order a board or agency to take a particular action. Accordingly, we decline the plaintiffs' request to order the defendant to grant the application for a variance.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.