******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DOMINICK CARUSO ET AL. *v.* ZONING BOARD
OF APPEALS OF THE CITY OF
MERIDEN ET AL.
(AC 35345)

Beach, Bear and Borden, Js.*

*Argued March 4—officially released June 10, 2014*

(Appeal from Superior Court, judicial district of New
Haven, A. Robinson, J.)

*Daniel J. Krisch*, with whom was *Dennis A. Cene-
viva*, for the appellant-cross appellee (defendant Mark
Development, LLC).

*Joseph P. Williams*, with whom was *Beth Bryan Crit-
ton*, for the appellees-cross appellants (plaintiffs).

*Opinion*

BEACH, J. The defendant, Mark Development, LLC,[1] appeals from the judgment of the Superior Court sustaining in part the zoning appeal of the plaintiffs, Dominick J. Caruso, James M. Anderson, and the city of Meriden (city), in which the plaintiffs claimed that the Zoning Board of Appeals of the city of Meriden (board) improperly granted the defendant's application for a use variance. Caruso, Anderson, and the city filed a cross appeal. On appeal, the defendant claims that the court improperly concluded that a board member should have disqualified himself from considering and voting on the defendant's application for a zoning variance and improperly remanded the case to the board for further proceedings. On cross appeal, the plaintiffs claim that the court improperly determined that the board had before it sufficient evidence to support the conclusion that the zoning regulations had caused a practical confiscation of the property.[2] We agree with the plaintiffs.

In August, 2008, the defendant applied to the board for a use variance for an approximately forty-eight acre parcel located at 850 Murdock Avenue in Meriden (property).[3] The application stated that the property was located in an area zoned "Regional Development District" (RDD) and that the defendant wanted to use the property for "used car sales," a use not contemplated by the Meriden Zoning Regulations (regulations), found in chapter 213 of the Meriden City Code. Accordingly, it sought a variance relaxing the application of § 213-26.2 (C) of the regulations.

Section 213-26.2 (C) (1) of the regulations provides that: "No building or premises may be used, in whole or in part, for any purpose except those listed below." Section 213-26.2 (C) (1) (a) of the regulations provides that the uses permitted "by right" in an RDD district include conference center hotels, executive offices, research and development, medical centers, a college or university accredited by the state, and distribution facilities. Heliports, coliseums, arenas and stadiums are permitted in the RDD by special exception permit. Meriden City Code, c. 213, § 213-26.2 (C) (1) (b). Automotive sales and service facilities are not listed as permitted uses in a RDD zone.

In its application for a variance, the defendant stated: "Applicant proposes to use property for automotive sales and services (i.e. 'Used Car Dealership') because application of the zoning regulations (and particularly the restrictive permitted uses) drastically reduces its value for any of the uses to which it could reasonably be put, and/or the effect of applying the regulations is so severe as to amount to practical confiscation." On September 2, 2008, the board approved the defendant's application for a variance. By letter dated September

3, 2008, Anderson, the city's zoning enforcement officer, informed the defendant that the board had approved its application requesting a variance to use the property for a used car dealership because the "application of the zoning regulations (and particularly the restrictive permitted use) drastically reduces its value for any of the uses to which it could reasonably be put, and/or the effect of applying the regulations is so severe as to amount to a practical confiscation."

In October, 2008, the plaintiffs, Anderson, Caruso, the city planner and director of the department of development and enforcement, and the city appealed to the Superior Court from the board's granting of the defendant's application for a variance. The plaintiffs alleged that in 1986, an RDD zone was created to regulate development in an area that encompassed the property. It further alleged that the defendant purchased the property in 2003. The plaintiffs claimed, inter alia, that the defendant failed to demonstrate that application of the zoning regulations caused a practical confiscation of the property and that one board member's participation in the application process was improper.

The court determined that "the facts in this case created the rare but exceptional circumstance under which the application of the doctrine of confiscatory effect is appropriate. . . . The record supports the conclusion that the property, which has been vacant and unused for close to thirty years, cannot be practically used in any of the ways permitted by the regulations. . . . Therefore this court concludes that the insufficiency of support in the record is not a proper basis to sustain the appeal." (Citations omitted; internal quotation marks omitted.) The court agreed with the plaintiffs' claim that a member of the board should have been disqualified from considering the defendant's application due to his relationship with the defendant's counsel. The court reasoned that the board member should have disqualified himself from participating in the proceeding, and therefore, it sustained the appeal and remanded the matter to the board for further proceedings. This appeal and cross appeal followed.

The issue raised by the plaintiffs on cross appeal is dispositive. The plaintiffs claim that the court's finding of practical confiscation was not supported by substantial evidence. We agree. We need not consider any of the other issues raised by the parties, and we direct judgment to be rendered sustaining the plaintiffs' appeal.

"In reviewing a decision of a zoning board, a reviewing court is bound by the substantial evidence rule, according to which, [c]onclusions reached by [the board] must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the [board].

. . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [board] supports the decision reached. . . . If a trial court finds that there is substantial evidence to support a zoning board's findings, it cannot substitute its judgment for that of the board. . . . If there is conflicting evidence in support of the zoning [board's] stated rationale, the reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the [board]. . . . The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." (Citations omitted; internal quotation marks omitted.) *Municipal Funding, LLC* v. *Zoning Board of Appeals*, 270 Conn. 447, 453, 853 A.2d 511 (2004).

"Zoning boards of appeal have authority pursuant to General Statutes § 8-6 to grant variances from local zoning regulations.[4] One who seeks a variance must show that, because of some unusual characteristic of his property, a literal enforcement of the zoning regulations would result in unusual hardship to him. . . . The hardship complained of must arise directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. . . .

"Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of . . . unnecessary hardship. . . . Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises regulations have a confiscatory or arbitrary effect. . . . Zoning regulations have such an effect in the extreme situation where the application of the regulations renders the property in question practically worthless." (Citations omitted; footnotes altered; internal quotation marks omitted.) *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 560–62, 916 A.2d 5 (2007). This analysis may be appropriate "in the extreme situation where the application of a regulation renders property practically worthless, and that loss of value alone amounts to a hardship." (Internal quotation marks omitted.) *Jersey* v. *Zoning Board of Appeals*, 101 Conn. App. 350, 358–59, 921 A.2d 683 (2007).

"The United States Supreme Court has found a taking where a regulation denies all economically beneficial or productive use of land. *Lucas* v. *South Carolina Coastal Council*, 505 U.S. 1003, 1015, 112 S. Ct. 2886, 120 L. Ed. 2d 798 (1992). In Connecticut, [a] practical

confiscation occurs when a landowner is prevented from making any beneficial use of its land—as if the government had, in fact, confiscated it. A practical confiscation does not occur when the landowner cannot take advantage of a myriad of uses acceptable under the applicable regulations because of choices the landowner itself has made that limit its land use options. . . . Further, [p]roof of financial hardship having a confiscatory or arbitrary effect requires more than testimony that property can be sold only for a price substantially lower than can be obtained if a variance is granted to permit a use otherwise prohibited by the zoning regulations." (Citation omitted; internal quotation marks omitted.) *Green Falls Associates, LLC* v. *Zoning Board of Appeals*, 138 Conn. App. 481, 494–95, 53 A.3d 273 (2012).

The plaintiffs claim that the court's finding that the board properly determined that there had been a practical confiscation was not supported by substantial evidence. The plaintiffs argue that because the defendant submitted only a report by Arthur Estrada and did not submit any specific evidence as to the current value of the property, there was no reliable evidence on which to form the conclusion that application of the zoning regulations had destroyed the value of the property. The plaintiffs further argue that the board lacked substantial evidence on which to find that the RDD zone classification deprived the defendant of all economically beneficial uses of the land, because there was no evidence that the defendant attempted to sell the property or that the defendant attempted to develop or lease the property for any of the uses permitted in the RDD zone.

The defendant argues that the board could reasonably conclude on the basis of the evidence presented that the application of the RDD zoning regulations to the defendant's property resulted in a practical confiscation, or, in other words, it practically destroyed or greatly decreased the value of its property. It argues that the board reasonably could have concluded that there had been no development on the parcel since the creation of the RDD zone. It further contends that it submitted Estrada's report concerning the negative economic impact of the RDD zone on the defendant's property. We agree with the plaintiffs.

The only evidence of the value of the property submitted to the board was Estrada's report. In the report, he stated that the property "had an extensive marketing period with limited to no interest in the real estate for numerous years. Ultimately, [in 2003] the subject parcel [was sold to the defendant] for $23,583 per acre. This unit rate is clearly below the unit rates that can be expected for commercial/industrial sites in the Meriden-Wallingford corridor along Interstate 91." Estrada noted that the property is in a "relatively good [location] with convenient access to the interstate highway system.

. . . Given the reasonably good location and physical characteristics, it is reasonable to conclude that the extended marketing period and relatively low sale price per acre, for the most part, can be attributed to the restrictive zoning that controls the parcel." Estrada noted that it has been generally acknowledged for years that the market for corporate headquarters in Connecticut is nonexistent. He opined that although there has been some interest in Connecticut in research and biotechnology uses, it is likely that the vast majority of such development would be concentrated around Yale's West Campus in Orange. Estrada then noted that three other parcels, located in surrounding towns with less restrictive zoning, have attracted market interest and concluded, therefore, that the property is at a "competitive disadvantage" and that the "existing RDD zone significantly limits the uses/users for the [property]." Estrada concluded that "price/value is a function of supply and demand. As presently zoned, the demand for the [property] is limited to non-existent. Consequently, it is my opinion that the use restrictions in the RDD zoning classification dramatically reduce the market value of the [property]."

Even if we accept the proposition that a different zoning classification might yield a higher market value, there is not sufficient evidence in the record to support the board's conclusion of confiscation. Estrada stated in his report that the defendant paid more than $1,000,000 for the property in 2003, but there was no specific evidence as to subsequent decrease in value of the property by virtue of its being in the RDD zone. Without this information, the board could not properly have determined that the effect of the zoning regulation was confiscatory. See *Dolan* v. *Zoning Board of Appeals*, 156 Conn. 426, 431, 242 A.2d 713 (1968) ("There is nothing in the record . . . to indicate . . . what diminishing effect this regulation has had on the value of the property. Without this information the board could not have found that the regulation's effect on the property was confiscatory or arbitrary."); see also *Garlasco* v. *Zoning Board of Appeals*, 101 Conn. App. 451, 461, 922 A.2d 227 (absence of evidence before board of value of property fatal to applicant's claim that value of property was greatly decreased or destroyed), cert. denied, 283 Conn. 908, 927 A.2d 917 (2007); *Santos* v. *Zoning Board of Appeals*, 100 Conn. App. 644, 652, 918 A.2d 303 (no proof of financial hardship having confiscatory effect where record silent as to extent of financial impact on landowner), cert. denied, 282 Conn. 930, 926 A.2d 669 (2007).

In fact, the defendant purchased the property for more than $1,000,000 after the property had been zoned RDD. The defendant offered no evidence that it was unable to sell the property or unable to develop the property for any of the uses permitted in an RDD zone; rather, the only evidence was that the defendant applied

for a zoning change in 2004 to allow an auto auction facility to be built on the property, but withdrew the application, and applied in 2008 for a variance to build a used car dealership.[5]

Furthermore, Estrada's conclusion that the property was at a "competitive disadvantage" when compared with other properties in the area is insufficient to demonstrate practical confiscation. "[E]vidence of financial disappointment alone is an insufficient basis for varying the application of this type of regulation. . . . It is not a proper function of a zoning board of appeals to vary the application of zoning regulations merely because the regulations hinder landowners and entrepreneurs from putting their property to a more profitable use." (Citations omitted.) *Dolan* v. *Zoning Board of Appeals*, supra, 156 Conn. 430–31 "[C]onsiderations of financial disadvantage—or, rather, the denial of a financial advantage—do not constitute hardship, unless the zoning restriction greatly decreases or practically destroys [the property's] value for any of the uses to which it could reasonably be put . . . ." (Internal quotation marks omitted.) *Rural Water Co.* v. *Zoning Board of Appeals*, 287 Conn. 282, 295, 947 A.2d 944 (2008); see also *Jaser* v. *Zoning Board of Appeals*, 43 Conn. App. 545, 548, 684 A.2d 735 (1996) ("Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship . . . . It is well established that the power to grant a variance should be sparingly exercised." [Citation omitted; internal quotation marks omitted.]).

For the foregoing reasons, we conclude that the court erred in determining that there is substantial evidence in the record to support the board's conclusion of practical confiscation. Because there was insufficient evidence in the record to support the board's conclusion of practical confiscation, the board's decision granting the variance cannot be sustained. Because the court's judgment with respect to the board's decision is reversed on this basis, we need not address the defendant's claim on appeal that the court improperly determined that a board member should have disqualified himself; accordingly, the court's remand order is not appropriate.

The judgment is reversed and the case is remanded with direction to sustain the plaintiffs' appeal.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date or oral argument.

[1] The Meriden Zoning Board of Appeals was also named as a defendant in the plaintiffs' complaint. The Meriden Zoning Board of Appeals did not file a brief in this appeal and, therefore, we will refer only to Mark Development, LLC, as the defendant.

[2] The plaintiffs raise additional arguments that we need not address because we agree with their claim that there was not sufficient evidence in the record to support the board's conclusion of a practical confiscation.

[3] The property also apparently includes approximately six acres in the neighboring town of Wallingford. Only the acreage in Meriden is the subject of this appeal. The term "property" as used in this opinion will refer to the

acreage in Meriden only.

[4] "[T]he authority of a zoning board of appeals to grant a variance under . . . § 8-6 (3) requires the fulfillment of two conditions: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 368, 537 A.2d 1030 (1988).

[5] We note, however, that we need not reach the "purchaser with knowledge" ground urged by the plaintiffs.